UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

GARY E. BRICKEY,

                                  **Plaintiff,**

                                 v.                                9:10-CV-85
                                                          (FJS/RFT)

SUPERINTENDENT, Franklin Correctional
Facility; JOHN/JANE DOE, Doctor, Franklin
Correctional Facility; JOHN/JANE DOE,
Nurse, Franklin Correctional Facility; and
JOHN/JANE DOE, Nurse, Franklin
Correctional Facility,

                                  **Defendants.**

_____

**APPEARANCES**                                              **OF COUNSEL**

**GARY E. BRICKEY**
Fort Covington, New York 12937
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                     **DOUGLAS J. GOGLIA, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant Superintendent
of Franklin Correctional Facility

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court is Magistrate Judge Treece's February 16, 2011 Report-Recommendation and Order, in which he recommended that this Court grant Defendant Superintendent of Franklin Correctional Facility's motion to dismiss, dismiss Plaintiff's Fourth

Amendment claims against all Defendants for failure to state a claim, dismiss all of Plaintiff's claims against Defendants, to the extent he asserts those claims against them in their official capacities, and that the Court provide Plaintiff with the opportunity to amend his complaint to identify the "Doe" Defendants. *See* Dkt. No. 14 at 15. The parties have not filed any objections to Magistrate Judge Treece's recommendations.

## II. BACKGROUND

Plaintiff filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his incarceration at Franklin Correctional Facility when, with deliberate indifference to his serious medical needs, they deprived him of adequate medical care. *See generally* Dkt. No. 5. In his amended complaint, Plaintiff did not identify any of the Defendant by their surnames. Instead, he provided the Court with each Defendant's respective job title. Of the four Defendants, service was effected only on Defendant Superintendent Darwin LaClair, who moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 10. Plaintiff opposed that motion. *See* Dkt. No. 11.

## III. DISCUSSION

**A.     Standard of review**

"When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice." *Goston v. Potter*, No. 9:08-CV-478, 2010 WL 4736261, *1 (N.D.N.Y. Nov. 16, 2010) (citation omitted). Upon

completing that review, "'the Court may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge.'" *Id.* (quotation omitted). Since the parties have not objected to Magistrate Judge Treece's recommendations, the Court will review the same under this standard.

B.   **Preliminary matters**

In response to Defendant LaClair's motion, Plaintiff stated that he was able to identify three of the four previously unidentified Defendants as follows: "the unknown Superintendent of [Franklin] is Darwin LaClair; the unknown facility physician is Dr. G. Champagne; and the unknown male nurse is P. Debiew." *See* Dkt. No. 11 at 4. He did not identify the other Doe Defendant.

Magistrate Judge Treece recognized that Plaintiff should have filed a motion to amend his amended complaint in order to identify these Defendants. *See* Dkt. No. 14 at 4. However, in light of Plaintiff's *pro se* staff, he construed Plaintiff's submissions as seeking such an amendment and granted the same. *See id.*

C.   **Defendant LaClair's motion to dismiss**

*1. Claims against Defendants in their official capacities*

In support of his motion to dismiss, Defendant LaClair argued that, because Plaintiff had only identified Defendants by their job titles, the Court should construe this action as against Defendants only in their official capacities and dismiss the action on the ground that the Eleventh Amendment barred the same.

-3-

Magistrate Judge Treece declined to construe Plaintiff's complaint so narrowly and, instead, held that Plaintiff had brought suit against Defendants in both their official and individual capacities. *See* Dkt. No. 14 at 9. Thereafter, he dismissed the claims against Defendants in their official capacities but held that Plaintiff could pursue his claims against Defendants in their individual capacities. *See id.* at 11.

### *2. Plaintiff's Fourth Amendment claims*

In his amended complaint, Plaintiff asserted that Defendants' actions violated his right to be free from unreasonable seizures. However, as Magistrate Judge Treece correctly noted, Plaintiff did not provide "any independent factual allegations that could support a plausible claim under the Fourth Amendment." *See* Dkt. No. 14 at 12. The Court agrees and dismisses Plaintiff's Fourth Amendment claims against all Defendants.

### *3. Plaintiff's claims against Defendant LaClair based on his supervisory liability*

As Magistrate Judge Treece noted, there is nothing in Plaintiff's amended complaint to indicate that Defendant LaClair participated directly in the medical decisions that Franklin Correctional Facility's medical personnel made. In addition, Plaintiff does not allege any facts that would indicate that Defendant LaClair either created an unconstitutional policy or custom or allowed such a policy and custom to exist or negligently supervised his subordinates. Thus, because Plaintiff has not alleged any facts that could support a plausible claim against Defendant LaClair, the Court grants his motion to dismiss all of Plaintiff's claims against him.

### D. Motion to amend

As the Court has already noted, Magistrate Judge Treece construed Plaintiff's submission in opposition to Defendant LaClair's motion to include a request to amend his amended complaint. The Court agrees with this construction and will provide Plaintiff with an opportunity to file a second amended complaint in which he must identify the Doe Defendants in the caption and provide a recitation of the facts on which his claims are based using Defendants' proper names.

In addition, the Court reiterates Magistrate Judge Treece's advice to Plaintiff that "[t]he U.S. Marshals cannot effect service on a "John Doe" Defendant." *See* Dkt. No. 14 at 14. If Plaintiff wants to pursue his claims against the Doe Defendant whom he has not yet identified, he must take reasonable steps to identify that Defendant; and, if he is able to do so, he may then file a motion to amend his complaint, seeking leave to add such individual to this action. As Magistrate Judge Treece also noted, "if this individual is not timely served," the Court will dismiss this action against him or her. *See id.*

### IV. CONCLUSION

Having concluded its review of Magistrate Judge Treece's February 16, 2011 Report-Recommendation and Order for clear error and manifest injustice and finding none, the Court hereby

**ORDERS** that Magistrate Judge Treece's February 16, 2011 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendant LaClair's motion to dismiss the claims that Plaintiff asserts

against him is **GRANTED**; and the Court further

ORDERS that Plaintiff's Fourth Amendment claims against the remaining Defendants are **DISMISSED** for failure to state a claim upon which this Court can grant relief; and the Court further

ORDERS that Plaintiff's claims against the remaining Defendants are **DISMISSED** insofar as Plaintiff asserts those claims against Defendants in their official capacities; and the Court further

ORDERS that, if he wishes to proceed with this action, Plaintiff must file a second amended complaint, in which he identifies the Doe Defendants in the caption and in which he provides a recitation of the facts using those Defendants' proper names, **within thirty (30) days** of the date of this Memorandum-Decision and Order; and the Court further

ORDERS that, if Plaintiff files a second amended complaint within the required time frame, the Clerk of the Court shall forward that second amended complaint to Magistrate Judge Treece for further review; and the Court further

ORDERS that, if Plaintiff does not file a second amended complaint within the required time frame, the Clerk of the Court shall enter judgment dismissing this action **without prejudice without further Order of this Court**; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 10, 2011
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge